Richardson, Ch. J.,
delivered the opinion of the court:
The petition in this case is filed under the Bowman Act, and claims for the value of stores and supplies taken from the *431 claimant by and for tbe use of tbe Army in South Carolina in tbe year 1862, during tbe rebellion.
Tbe defendant flies a motion to dismiss, on tbe ground that it appears “that the claimant never presented tbis claim to any Department and never brought action bn tbe same” until tbe filing of said petition, May 15, 1890, and that, therefore, tbe claim was barred at the time of tbe passage of said act, and by section 3 tbis court is without jurisdiction thereof (Act of March 3, 1883, 1 Supp. Rev. Stat., 2d ed., p. 403, and 22 Stat. L., 485).
In support of tbis motion tbe defendant relies upon Revised Statutes, section 1069, which is as follows, omitting tbe proviso, which makes exceptions not involved in tbe case:
“Every claim against tbe United States, cognizable by the Court of Claims, shall be forever barred unless tbe petition setting forth a statement thereof is filed in tbe court, or transmitted to it by tbe Secretary of tbe Senate or tbe Clerk of tbe House of Representatives, as provided by law, within six years after tbe claim first accrues.”
Tbe crucial test of the application of that section is whether the claim was “cognizable by tbe Court of Claims” before tbe passage of tbe Bowman Act. On that point there is no room for argument and no doubt. The defendant was never liable for tbe payment of claims of tbis kind, and Congress has not yet made provision for their final adjudication by this court on the facts and law. Under tbe Bowman Act they may be transmitted to tbe court by any committee, or by either House of Congress, for investigation and determination of tacts and for report of the findings for the consideration of Congress, where alone any final action on the same can be had.
But tbe claim was cognizable by tbe Commissioners of Claims under the Act of March 3, 1871, (ch. 116,16 Stat. L., 524), which was amended by the Act of 1873 (ch. 236, sec. 2,17 Stat. L., 577)? requiring that all claims should be presented on or before March 3, 1873, and that if not so presented they should be “forever barred thereafter.”'
On tbis latter ground tbe motion is allowed and tbe case is dismissed.